IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3300-FL

| | |
|---|---|
| SAMUEL MCCRAE, III, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| SUPERINTENDENT LOCKLEAR, LT. BRITT, IMEDIA JOSEPH, D. LOWERY, T. PEELE, WADE WALSTON, REGINA HAMPTON, REKEESHA HOWELL, JIMMIE DIXON, SGT. BELL, CAPTAIN COVINGTON, and JOHN DOE, | ) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on August 5, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On February 28, 2022, the court directed plaintiff to file amended complaint particularizing his claims. Plaintiff timely complied with that order, and the matter now comes before the court for initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## COURT'S DISCUSSION

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state

---

[1] The February 28, 2023, order explained that the amended complaint would be considered the operative pleading "in its entirety," and the court would not consider any additional claims. The court therefore does not address herein any claims asserted in the original complaint that were not alleged in the instant amended complaint. Such claims are dismissed without prejudice. As explained in the prior order, plaintiff is free to file new actions addressing those claims.

a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff alleges defendants Imedia Joseph ("Joseph") and sergeant Bell ("Bell") knowingly charged him with a false disciplinary offense, which resulted in plaintiff being placed in solitary confinement and losing of his prison job, caused emotional distress, and affected his release date in unspecified ways. The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of a protected liberty interest. Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974). Under the Wolff standard, an inmate is entitled to the following: 1) written notice of the charges at least 24 hours in advance of the hearing; 2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and 3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564–66; see also Lennear

2

v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019).

Decisions by a disciplinary board pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the board's factual finding de novo or for clear error, and determining whether the standard is satisfied does not require examination of the entire record or weighing the evidence. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "[a]s long as the record is 'not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary,' courts need not grant . . . relief on this ground." Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (quoting Hill, 472 U.S. at 457). Finally, the disciplinary decision must be made by an impartial adjudicator. Wolff, 418 U.S. at 570–71.

Plaintiff has not alleged a Fourteenth Amendment claim under the foregoing standard. As a threshold issue, plaintiff fails to allege that defendants Joseph or Bell were responsible for conducting his disciplinary proceedings. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The fact that defendants Joseph or Bell allegedly charged plaintiff with a false disciplinary offense does not establish they were responsible for failing to provide the required due process protections set forth above. And for this reason, filing a false disciplinary charge does not standing alone establish a Fourteenth amendment violation. See Wolff, 418 U.S. at 564–66; Hill, 472 U.S. at 454; see also Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the

3

deprivation of a liberty interest."); Rhodes v. Sterling, 475 F. Supp. 3d 470, 482 (D.S.C. July 30, 2020) (collecting cases for the proposition that "the act of filing a false disciplinary charge does not itself violate a prisoner's constitutional rights") (quotations omitted). Instead, plaintiff must allege that he did not receive the proper notice, a written statement by the factfinders, a hearing conducted under the procedures described, or that there is a lack of evidence to support the conviction. See Wolff, 418 U.S. at 564–66; Hill, 472 U.S. at 454. Plaintiff has not alleged these elements or that defendants Bell or Joseph were responsible for same.

Plaintiff also alleges that he was subject to onerous conditions of confinement when placed in solitary confinement, suggesting a claim under the Eighth Amendment to the United States Constitution. The complaint, however, does not allege that defendants Bell or Joseph – the only two remaining defendants in the amended complaint – were aware of and disregarded the alleged unconstitutional conditions of confinement. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2015) (stating standard for Eighth Amendment conditions of confinement claim).

Finally, the court declines to allow further amendment of the complaint in light of the pleading deficiencies set forth above and where plaintiff previously was afforded the opportunity to amend. See Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018) (explaining nature of dismissal is a matter of discretion for the district court)

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of April, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge